**Sanjida RAHMAN, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

**No. 03–71441.**

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 15, 2004.*

Decided Nov. 18, 2004.

Reynold E. Finnegan, Esq., Finnegan & Diba A Law Corporation, Los Angeles, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. Lefevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Michele Y.F. Sarko, Esq., U.S. Department of Justice, Washington, DC, for Respondent.

courts of this circuit except as provided by Ninth Circuit Rule 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: LEAVY, MCKEOWN, and BERZON, Circuit Judges.

MEMORANDUM **

Sanjida Rahman, a native and citizen of Bangladesh, petitions for review of the Board of Immigration Appeals' ("BIA") decision affirming an immigration judge's ("IJ") denial of her application for asylum and withholding of deportation and protection under the Convention Against Torture ("CAT"). Because the transitional rules apply, *see Kalaw v. INS*, 133 F.3d 1147, 1150 (9th Cir.1997), we have partial jurisdiction pursuant to 8 U.S.C. § 1105a(a). Where, as here, the BIA affirms without opinion, we review the IJ's decision. *See Falcon Carriche v. Ashcroft*, 350 F.3d 845, 849 (9th Cir.2003). We review for substantial evidence an adverse credibility determination, *Chebchoub v. INS*, 257 F.3d 1038, 1042 (9th Cir.2001), and reverse only if the evidence compels a contrary conclusion, *Lata v. INS*, 204 F.3d 1241, 1244 (9th Cir.2000). We dismiss in part and deny in part the petition for review.

We lack jurisdiction to consider Rahman's contention that the IJ violated her due process rights by not placing her on notice that her credibility was at issue on remand, because Rahman failed to raise this issue before the BIA. *See Rashtabadi v. INS*, 23 F.3d 1562, 1567 (9th Cir.1994) (holding that a petitioner must exhaust "due process" claims that are premised on procedural errors correctable by the agency).

The IJ based its adverse credibility finding on, among other things, inconsistencies between petitioner's testimony and her asylum interview on matters that go to the heart of her asylum claim, including her encounters with police, the number of times she was arrested, and the number of times she suffered physical harm. *See Chebchoub v. INS*, 257 F.3d 1038, 1043 (9th Cir.2001). The IJ thereby provided specific, cogent reasons for finding petitioner not credible, and the IJ's denial of asylum is supported by substantial evidence. *See id.* Because petitioner failed to show that she was eligible for asylum, it follows that she did not satisfy the more stringent standard for withholding of deportation. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir.2003).

Rahman does not challenge the IJ's denial of CAT relief and therefore the issue is waived. *See Martinez–Serrano v. INS*, 94 F.3d 1256, 1259 (9th Cir.1996).

Pursuant to *Elian v. Ashcroft*, 370 F.3d 897 (9th Cir.2004) (order), petitioner's voluntary departure period will begin to run upon issuance of this court's mandate.

**PETITION FOR REVIEW DISMISSED in part, DENIED in part.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.